**UNITED STATES of America**

**v.**

**Michael NEMURAS.**

**Crim. No. M–83–00068.**

United States District Court, D. Maryland.

May 18, 1983.

J. Frederick Motz, U.S. Atty., and Ty Cobb, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, and Paul W. Spence, Asst. Federal Public Defender, Baltimore, Md., for defendant.

JAMES R. MILLER, Jr., District Judge.

The evidence is clear from the stipulated facts that the defendant, Michael Nemuras, used and employed a person under the age of 16, that is, Dianna Crisfuli, between the period of November, 1979 through December, 1980, for the purpose of producing a visual and print medium, that is, film from a still camera, showing the young girl in various stages of nudity, and that, at least as to some of the photographs, he knew that they would be transported in interstate commerce and that they would be mailed. Furthermore, he knew that some of them, at least, would be produced for a pecuniary profit in that he would sell them.

The only real question of fact in the case is whether or not the relevant photographs constituted a "lewd" exhibition of the genitals or pubic area of the young girl.

An argument has been made by defense counsel that Government's Exhibits 3–1 through 3–66 should not be the subject of the application of the standard established by the statute, 18 U.S.C. §§ 2251 and 2253,[1]

---

1. The relevant portions of the statute provide: § 2251.

 (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual or print medium depicting such conduct, shall be punished as provided under subsection (c), if such person knows or has reason to know that such visual or print medium will be transported in interstate or foreign commerce

in the court's determination of guilt or innocence under Count One. Defense counsel has argued that the evidence is uncontradicted that, in fact, the prints shown in Government's Exhibits 3–1 through 3–66 were not distributed for pecuniary profit or gain. According to the defendant's testimony, at the time they were mailed to the processor, Blakeslee-Lane Incorporated in Baltimore, for the purpose of development and printing, the defendant did not know whether they would be distributed for pecuniary profit and, again, according to the defendant, the negatives were destroyed when Blakeslee-Lane refused to print them.

In the court's view, it need not decide whether that is true or not and need not decide whether, under those circumstances, if true, Government's Exhibits 3–1 through 3–66 would come within the definition of the statute as having been "produced."

It is clear from the evidence that certain of the photographs were "produced" for pecuniary profit and were, in fact, sold, those being Government's Exhibits 1 and 2 and 8B, C and D. As to those latter photographs, the single issue for the court to decide is whether said photographs constitute "lewd exhibition of the genitals and pubic area."

 Initially, the court notes that the traditional legal concept of obscenity is not applicable to this statute, as the Supreme Court has recently intimated in *New York v. Ferber,* —— U.S. —— found at —— n. 15, 102 S.Ct. 3348 found at 3357 n. 15, 73 L.Ed.2d 1113 (1982). Furthermore, child pornography is not a subject protected by the First Amendment. *New York v. Ferber, id.* In addition, government, both state and federal, has a compelling interest in safeguarding the physical and psychological well-being of a minor. The "prevention of sexual exploitation and abuse of children constitutes a government objective of sur-

passing importance." *Ferber, id.* at ——, 102 S.Ct. at 3355.

The statute in question has as its primary purpose the protection of children from sexual exploitation. *See* S.Rep. No. 95–438, 95th Cong., 2d Sess., *reprinted in* [1978] *U.S.Code Cong. & Ad.News* 40.

 To the court's knowledge, there are no cases interpreting the word "lewd" as used in this statute. In this court's judgment, however, the word "lewd" has a generally well recognized meaning, connotating sexual suggestiveness. The photographs in issue here meet that definition.

The word "lewd" was added to the statute to prevent the statute from being trivialized, that is, applied to matters which might literally fall within the statute, but which were obviously not related to the sexual exploitation of children. The word "lewd" excludes photographs of historical significance recording some historical event, or depicting sociological, economic or other conditions.

The word excludes medical textbooks, medical records, and anthropological studies and things of that kind.

The word "lewd," in short, limits the sweep of subsection "E," Section 2253(2) of Title 18, to the area of sexual exploitation of children.

In the court's view, examples of sexually suggestive or lewd photographs of children would be those in which the child is depicted as half or partially clothed, posed in such a way as to depict or suggest a willingness to engage in sexual activity or a sexually coy attitude. In this court's judgment, no expanded written definition of what constitutes a "lewd exhibition of genital areas" would encompass all of the uncountable variations which such photographs might take, just as a written description of the face of a loved one could be read by a third person without that third person being able

or mailed, or if such visual or print medium has actually been transported in interstate or foreign commerce or mailed.
§ 2253.
 For the purposes of this chapter, the term—

 . . . . .

 (2) "sexually explicit conduct" means actual or simulated—

 . . . . .

 (E) lewd exhibition of the genitals or pubic area of any person....

to see in his mind the same mental picture as is in the mind of the person writing the description. In my judgment, words cannot describe all of the nuances of that which constitutes lewdness. However, with a few general principles in mind, most persons, upon seeing a photograph which is lewd, would be able to agree that it is such. In this case, the court is of the opinion that the photographs in issue are "lewd."

The statute in issue in this count does not preclude the taking of lewd photographs of minors. It does preclude production of them for pecuniary profit. I think that the statute is sufficiently clear that anyone with a modicum of common sense and a knowledge of the English language and of human nature can understand what is prohibited by it. This makes it immune to a successful attack of unconstitutionality as being too vague as applied to the facts of this case.

For these reasons, the court finds the defendant guilty of Count One as charged.