**STATE of Missouri, Respondent,**

v.

**Walter E. HELGOTH, Appellant.**

**No. 66391.**

Supreme Court of Missouri,
En Banc.

May 29, 1985.

Rehearing Denied June 25, 1985.

Shawn A. Goulet, Asst. Public Defender, Clayton, for appellant.

Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant appeals his conviction for abuse of a child, § 568.060, RSMo 1978.[1] In light of defendant's challenges to the validity of that statute, we have jurisdiction of this appeal. Mo. Const. art. V, § 3. We affirm.

Defendant was convicted of photographing a child less than seventeen years old engaging in a "prohibited sexual act" within the meaning of § 568.060. He took posed photographs of a girl under seventeen, focusing on her uncovered breasts and vagina. That section, as pertinent, makes it illegal to photograph a child less than seventeen years old engaging in "nudity, if such nudity is to be depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction." *Id.*[2]

---

1. Now § 568.060, RSMo Cum.Supp.1984.

2. Section 568.060, RSMo 1978, states in full:
   1. A person commits the crime of abuse of a child if he:
   (a) Knowingly inflicts cruel and inhuman punishment upon a child less than seventeen years old, or
   (b) Photographs or films a child less than seventeen years old engaging in a prohibited sexual act or in the simulation of such an act or who causes or knowingly permits a child to engage in a prohibited sexual act or in the simulation of such an act for the purpose of photographing or filming the act.
   (1) "Prohibited sexual act" means any of the following, whether performed or engaged in either with any other person or alone: sexual or anal intercourse, masturbation, bestiality, sadism, masochism, fellatio, cunnilingus, any other sexual activity or nudity, if such nudity is to be depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction.
   2. Abuse of a child is a class D felony.

Defendant challenges the validity of the statute on two grounds: first, that the statute is impermissibly vague, in violation of the due process clauses of the Missouri and United States Constitutions, Mo. Const. art. I, § 10; U.S. Const. amend. XIV, § 1; and, second, that the statute is overbroad in violation of the First Amendment to the United States Constitution. U.S. Const. amend. I.

■ Defendant's vagueness challenge centers on the statute's scienter requirement, which proscribes the photographing of children engaging in nudity "if such nudity is to be depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction." § 568.060. Specifically, defendant contends that the statute does not provide sufficiently explicit guidelines, either to the public or to those charged with its enforcement, as to what sort of nudity will result in the "sexual stimulation or gratification of any person." *Id.*

■ Due process requires that "laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972); *State v. Brown,* 660 S.W.2d 694, 697 (Mo. banc 1983). Furthermore, "laws must provide explicit standards for those who apply them." *Grayned,* 408 U.S. at 108, 92 S.Ct. at 2299.

Under the circumstances of this case, the defendant is not compelled by the statute to speculate whether any person viewing his pictures would be sexually stimulated or sexually gratified. The effect of the statute as it applies to the defendant's actions is to prohibit photographing nude children with the specific purpose that the depictions thereby created be used for sexual stimulation or gratification. It is the intent of the photographer with which we are concerned in this case. The standard employed is a subjective one, pertaining to the actor's state of mind and is therefore uniquely within the control of the potential offender. Such a standard provides an intrinsic element of notice, as the actor is also in a uniquely suitable position to know whether his purpose will coincide with that proscribed by the statute. Furthermore, describing the purpose in terms of "sexual stimulation or gratification," while somewhat refined in its usage, is not a formula which is apt to be lost on adults possessed of common sensibilities. The test for purpose, when viewed in this context, is a clear and bold direction to those desiring to conform their conduct to the law. The statute gives manifest warning that anyone taking nude pictures of children less than seventeen years of age is taking great risk of being found guilty of child abuse if the purpose of the photography is that described in § 568.060.

Certainly, as this case illustrates, proof of purpose may be established by the circumstances of the photography itself. *See State v. Chevlin,* 284 S.W.2d 563, 566 (Mo. 1955) (jury may consider all related circumstances giving rise to the charge).[3] Here, defendant was shown to have photographed a young girl of his acquaintance, at ages twelve and fourteen, without the knowledge of her parents. The photographs at age twelve were taken in the girl's bedroom. The subject was nude. The later pictures were taken outdoors, and included nude photos as well as some with the subject partially clothed in a cheerleading uniform. The primary subject of the photographs was the exposed vagina and bare breasts of the young girl.

Circumstances in which the same inference of purpose would not be available are multiple, but examples include photography by a health care provider for use in diagnosis or research and the traditional bearskin-rug pose for infants. Just as in these examples the photographer, when faced with the statutory rubric, would have no doubt as to the licit nature of his actions, a

---

3. Defendant does not challenge the sufficiency of the evidence, and the charge was tried upon a stipulated record.

photographer in the defendant's circumstance should have a well-founded concern for the criminality of his conduct.

In this case, the trier of fact could reasonably find that defendant's purpose in photographing his young subject in the manner exhibited was for the purpose of his sexual stimulation or gratification and, hence, a violation of § 568.060.

Defendant's second point asserts that the challenged statute is overbroad within the context of the freedom of speech protection of the First Amendment. Defendant maintains, however, that relief under the First Amendment overbreadth doctrine depends in the first instance upon whether the conduct of the party challenging the statute receives protection under that constitutional amendment. He then posits that his conduct was indeed protected because the photographs he took were not determined to be obscene under the standard enunciated in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). *Also see Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973) regarding regulation of so-called "adult" materials.

■ Defendant's argument misinterprets the function of the First Amendment overbreadth doctrine, which permits those against whom a statute may constitutionally be applied to challenge its unconstitutional effect on protected speech by others. *New York v. Ferber*, 458 U.S. 747, 767–69, 102 S.Ct. 3348, 3359–61, 73 L.Ed.2d 1113 (1982). However, inasmuch as defendant asserts the point, we shall consider whether his conduct was shielded from the sanctions imposed by § 568.060 by the aegis of the First Amendment. We conclude that it is not.

The fundamental observation supporting this conclusion is that the activity engaged in by the defendant and prohibited by the statute is distinctly conduct, as contrasted with speech. The offensive act is grounded in child abuse, and that is the epicenter of the case. The specific distinction to be made is between the use of children in the actual production of pornographic materials and the ultimate dissemination of materials so produced.

Furthermore, the prohibited conduct is clearly that in which the state has a compelling interest to prevent. And even if it were assumed that the prohibited conduct contained "speech" as well as "nonspeech" elements, "a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms."

*United States v. O'Brien*, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678, 20 L.Ed.2d 672 (1968). Under the test developed by that court, the regulation of conduct is sufficiently justified

> if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

*Id.*, 391 U.S. at 377, 88 S.Ct. at 1679. We conclude that, even under the test applicable to hybrid activity, defendant's conduct could be proscribed by the statute in question under the First Amendment.

First, it cannot be gainsaid that the protection of the health of its children is within the constitutional police power of the state. *See* Mo. Const. art. I, § 2. The exploitation of children through their use as subjects of pornographic materials is harmful to their emotional and mental as well as physical health and is a conclusion which bears the imprimatur of the United States Supreme Court. *Ferber*, 458 U.S. at 758, 102 S.Ct. at 3355.

Second, that court has also concluded that the state's interest in preventing the use of children as subjects of even non-obscene pornography is compelling. In *Ferber*, the Court upheld a New York statute which prohibited the distribution of non-obscene child pornography against a challenge that it violated First Amendment freedom of speech. In doing so, the Court

stated that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *Id.*, at 757, 102 S.Ct. at 3355. The Court also noted that

> virtually all of the States and the United States have passed legislation proscribing the production of or otherwise combating "child pornography." The legislative judgment, as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child. That judgment, we think, easily passes muster under the First Amendment.

*Id.*, at 758, 102 S.Ct. at 3355 (footnote omitted).

Third, it is clear that the state's interest in protecting its children from the dangers of sexual exploitation and abuse is unrelated to the suppression of free expression. This conclusion follows from the distinctly non-expressive nature of the prohibited conduct itself—the exposure of a child's nude body to the present and permanent leer of those bent on achieving titillation from it. Furthermore, to analogize to the arena of speech, the statute neither attempts to punish speakers nor to condition or foster the rights of listeners.

Fourth, the incidental restrictions imposed by the statute on even conceivable First Amendment freedoms is no greater than is essential to the furtherance of the state's interest. Any prospective intention to disseminate nude photographs of children as "expression" is burdened only to the extent of penalizing the act of sexual exploitation inherent in the proscribed conduct.

■ Having concluded that this defendant's conduct was not immunized against the statutory proscription in question by the First Amendment, we require only the merest extrapolation to conclude that the statute itself does not violate the First Amendment overbreadth doctrine. Two guiding principles assist in this conclusion. The first is that "the overbreadth doctrine

is 'strong medicine'" and must be employed "with hesitation, and then 'only as a last resort.'" *Ferber*, 458 U.S. at 769, 102 S.Ct. at 3361, *quoting Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). The second is that the function of the overbreadth doctrine

> attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from "pure speech" toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct.

*Ferber*, 458 U.S. at 770, 102 S.Ct. at 3361, *quoting Broadrick*, 413 U.S. at 615, 93 S.Ct. at 2917.

The conceivable permutations of activity which would be prohibited by the statute have two outstanding characteristics. The first is that they are extremely limited in their potential variations. Three variables in particular essentially define the universe of possible scenarios. These are: whether the act of depiction is accomplished through the use of threats, force or other coercion; whether it is achieved surreptitiously or by means of a ruse; and, whether the use contemplated for the depiction is dissemination (either commercial or not) or "collection." The second shared characteristic is that, regardless of the surrounding circumstances or ultimate use of the photograph, the activity prohibited is confined strictly to conduct—the exposure to permanent depiction of a nude child, with lascivious intent.

Only the contemplated use for dissemination even begins to conjure First Amendment protections. Nevertheless, the predicate to the eventual dissemination is not in itself expressive. Furthermore, as discussed previously, the predicate act of taking the photographs of a nude child is the evil which the state has a peculiarly compelling interest in preventing. Therefore, we conclude that the statute in ques-

tion does not suffer from impermissive First Amendment substantial overbreadth.

The challenged statute is not invalid due to vagueness and does not violate the First Amendment either as applied or under overbreadth principles. Insofar as this case is concerned, § 568.060 of the Child Abuse Law is secure.

Judgment affirmed.

RENDLEN, C.J., and HIGGINS, BILLINGS and BLACKMAR, JJ., concur.

DONNELLY and WELLIVER, JJ., dissent in separate opinions.

DONNELLY, Judge, dissenting.

In my view, the statutory language is void for vagueness under the Due Process Clause which requires "that 'men of common intelligence' not be forced to guess at the meaning of the criminal law." *Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974).

I respectfully dissent.

WELLIVER, Judge, dissenting.

I respectfully dissent.

Child abuse is a problem of great social import and one which demands society's best attention. The issue is not whether one is for or against child abuse. I believe all responsible people are against child abuse and all can agree that child pornography is a form of child abuse. I write today being fully aware that the words I write may be unpopular with some engaged in the crusade against child abuse, but with the sincere hope and belief that one day those same people and their children will say thanks for defending the constitutional safeguards which I shall address.

The principal opinion makes a number of critical leaps in its analysis that I believe are unwarranted under current law. In an effort to aid the battle against the evils of child abuse, the principal opinion improperly holds that the challenged language in the statute "does not suffer from impermissive First Amendment substantial overbreadth." In reaching this conclusion, the principal opinion fails to address adequately the extent to which the First Amendment permits state regulation of nude depictions of children.

The State seeks to prohibit photographing or filming a child less than seventeen years old engaged in a prohibited sexual act, and the challenged sexual act is "nudity, if such nudity is to be depicted for the purpose of sexual stimulation or gratification of any individual who may view such depictions." The issue in this case is not, as the principal opinion suggests, whether this language is substantially overbroad but rather whether the State has properly and adequately defined the category of child pornography which it seeks to prohibit.[1]

In *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), the United States Supreme Court held that child pornography was a category of expression not protected by the First Amendment. While the contours of this unprotected category were not expressly defined in *Ferber,* a careful reading of the case suggests "that the Court intended the constitutional definition of child pornography to be coextensive with New York's statutory definition."[2] Schauer, "Codifying The First Amendment: *New York v. Ferber,*" 1982 Sup.Ct.Rev. 285, 294, n. 49. The Court, however, cautioned:

1. It might be noted that before the Court in *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) reached the question of overbreadth in Part III of its opinion, it first decided in Part II that child pornography, appropriately defined, was not a category protected by the First Amendment. The overbreadth challenge was then undertaken in order to determine whether otherwise valid First Amendment expressions would be forbidden. I do not believe that we should reach the overbreadth argument because by not properly defining

child pornography the statutory language at issue always prohibits activity protected by the First Amendment.

2. Section 263.3 of the New York statute provides "'sexual conduct' means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of genitals." *New York v. Ferber, supra,* at 751, 102 S.Ct. at 3351.

There are, of course, limits on the category of child pornography which, like obscenity is unprotected by the First Amendment. As with all legislation in this sensitive area, the conduct to be prohibited must be adequately defined by the applicable state law, as written or authoritatively construed. Here the nature of the harm to be combated requires that the state offense be limited to works that *visually* depict sexual conduct by children below a specified age. The category of "sexual conduct" proscribed must also be suitably limited and described.

*Id.* at 764, 102 S.Ct. at 3358. In short, child pornography is that which "portray[s] sexual acts or lewd exhibitions of genitalia by children." *Id.* at 753, 102 S.Ct. at 3352. It might be noted that the word "lewd" has a recognized meaning, which is comparable to other sexual acts. *See United States v. Nemuras,* 567 F.Supp. 87, 89 (D.Md.1983), *aff'd* 740 F.2d 286.

The challenged statutory language is neither suitably limited nor described so as to fall within the realm of child pornography. It is clear that the Court in *Ferber* required that the type of sexual act or conduct by the *child* be adequately defined. Here, the statute prohibits photographing or filming "nudity." Nudity is not the type of sexual act or conduct which the Court in *Ferber* held unprotected.[3] *See* Schauer, *supra,* at 295. Indeed, nudity without the additional requirement of "lewd" exhibition does not even amount to sexual conduct. It might be thought that the scienter element adds a limiting construction on the word "nudity," but such is not the case. After the fact determinations of pornographic intent may not substitute for an adequate and suitable description of the type of *acts* by the *child* which cannot be photographed or filmed. This makes all the more sense when one realizes that the harm to a child may be the same whether one taking the pictures does so for a purient or puritanical purpose.

---

**3.** The rationale is that the legislature must adequately define that type of sexual conduct which harms the child and nudity is not such conduct. *See generally* Note, "Protection of Children

Because the challenged language, under the construction given to it by the principal opinion, cannot be considered within the realm of child pornography, the state may not regulate the activity consistent with the First Amendment. If the state may not prohibit the dissemination of nonpornographic material, then it may not indirectly stop the dissemination by prohibiting production. It is not enough to say, as the principal opinion does, that "the statute is distinctly conduct, as contrasted with speech," and that there is a distinction between production and dissemination. *See generally* Note, *supra,* at 310, n. 89, 311, n. 90. Such reasoning would have allowed a statute prohibiting James Joyce from writing *Ulysses* or prohibiting the filming of "Last Tango In Paris" or prohibiting Raphael from painting his madonnas with child.

I believe that the challenged language, which is not sufficient to define child pornography, is inconsistent with the First Amendment.

---

From Use In Pornography: Toward Constitutional and Enforceable Legislation," 12 U.Mich. J.L.Ref. 295, 321–23, 334 (1979).