Commonwealth v. Oakes.

COMMONWEALTH vs. DOUGLAS OAKES.

Worcester. February 3, 1987. — February 1, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Freedom of speech and press.

A person's conduct in permitting his stepdaughter, age fifteen, to pose naked above the waist for photographs he took of her in their home, was, in the circumstances, conduct and speech in the First Amendment sense; the provisions of G. L. c. 272, § 29A, that rendered such conduct criminal activity were unconstitutionally broad. [603-605] O'CONNOR, J., with whom NOLAN and LYNCH, JJ., joined, dissenting.

INDICTMENT found and returned in the Superior Court Department on January 9, 1985.

A pretrial motion to dismiss was heard by *Robert V. Mulkern,* J., and the case was tried before *John J. Irwin, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*SueZanne Worrell (Richard J. Vita* with her) for the defendant.

*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. We sustain the defendant's challenge to the constitutionality of the statute under which he was convicted. A jury found the defendant guilty of violating G. L. c. 272, § 29A (1986 ed.), which, among other things, makes a crime of knowingly permitting a child under eighteen years of age "to pose or be exhibited in a state of nudity . . . for purpose of visual representation or reproduction in any book, magazine, pamphlet, motion picture film, photograph, or picture . . . ."[1]

[1] General Laws c. 272, § 29A (1986 ed.), in its entirety reads as follows: "Whoever with knowledge that a person is a child under eighteen years of age, or whoever while in possession of such facts that he should have reason to know that such person is a child under eighteen years of age, hires, coerces, solicits or entices, employs, procures, uses, causes, encourages, or

The only evidence that arguably warranted a guilty finding showed that the defendant permitted his fifteen year old step-daughter to pose with her breasts exposed for photographs he took of her in their home. His stepdaughter was "in a state of nudity" as defined in G. L. c. 272, § 31 (1986 ed.).[2] The defendant argues, relying solely on the First Amendment to the Constitution of the United States, that his conduct was protected speech. He finds support for his position in *New York* v. *Ferber,* 458 U.S. 747, 764-766 (1982). We need not decide whether the Supreme Court would sustain a statute that was carefully directed against the defendant's conduct because we conclude that, in any event, § 29A is unconstitutionally overbroad.

We start with a proposition that we would have thought not seriously debatable. Photography is a form of expression which is entitled to First Amendment protection just as the written or spoken word is protected. Photography as a means of communication and expression can be strikingly informative, as in the works of Mathew Brady and Margaret Bourke-White. It

---

knowingly permits such child to pose or be exhibited in a state of nudity or to participate or engage in any act that depicts, describes or represents sexual conduct for purpose of visual representation or reproduction in any book, magazine, pamphlet, motion picture film, photograph, or picture shall be punished by imprisonment in the state prison for a term of not less than ten nor more than twenty years, or by a fine of not less than ten thousand dollars nor more than fifty thousand dollars, or by both such fine and imprisonment.

"It shall be a defense in any prosecution pursuant to this section that such visual representation or reproduction of any posture or exhibition in a state of nudity was produced, processed, published, printed or manufactured for a bona fide scientific or medical purpose, or for an educational or cultural purpose for a bona fide school, museum or library."

Section 29A was amended by St. 1987, c. 294, § 1. That amendment does not apply to this case and, if it did, it would not change the result.

[2] General Laws c. 272, § 31 (1986 ed.), defines "nudity," for the purposes of § 29A, as follows: "uncovered or less than opaquely covered post-pubertal human genitals, pubic areas, the post-pubertal human female breast below a point immediately above the top of the areola, or the covered male genitals in a discernibly turgid state. For purposes of this defination a female breast is considered uncovered if the nipple or the nipple or areola only are covered. In the case of pre-pubertal persons nudity shall mean uncovered or less than opaquely covered pre-pubertal human genitals or pubic area."

can be inspirationally expressive, as Ansel Adams demonstrated. Although not every picture may be worth a thousand words, in a First Amendment sense a picture is worth at least one.

The defendant's conduct in permitting his stepdaughter to pose naked above the waist cannot fairly be isolated, therefore, for First Amendment purposes, from the expressive process of taking her picture. The circumstances involved at all times both conduct and speech in the First Amendment sense. First Amendment analysis does not sever conduct from speech. To do so would undercut the foundation of First Amendment protections. "A constitutional distinction between speech and conduct is specious. Speech *is* conduct, and actions speak" (emphasis in original). Henkin, The Supreme Court, 1967 Term — Foreword: On Drawing Lines, 82 Harv. L. Rev. 63, 79 (1968). See *Griffin* v. *State,* 396 So. 2d 152, 158 (Fla. 1981) (Sundberg, C.J., dissenting in part); L. Tribe, American Constitutional Law § 12-7, at 827 (2d ed. 1988); Ely, Flag Desecration: A Case Study in the Roles of Categorization and Balancing in First Amendment Analysis, 88 Harv. L. Rev. 1482, 1494-1496 (1975).

In cases involving both "speech" and "nonspeech" elements, "a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitation on First Amendment freedoms." *United States* v. *O'Brien,* 391 U.S. 367, 376 (1968) (conviction of draft card burner upheld). See *United States* v. *Albertini,* 472 U.S. 675, 687-689 (1985). There is at least a substantial question whether an important governmental interest would warrant overriding First Amendment freedoms in this case. In their own home, the defendant took nonpornographic, nonobscene photographs of his fifteen year old, consenting stepdaughter who was nude above the waist, in circumstances where no commercial or even noncommercial distribution was intended or occurred.

Even if we assume that an important governmental interest would justify punishment for the defendant's behavior in this case, the defendant is correct in arguing that § 29A is overbroad in its reach and that the overbreadth is substantial enough to

warrant striking down § 29A. See *Broadrick* v. *Oklahoma,* 413 U.S. 601, 615 (1973) ("where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep"). Cf. *New York* v. *Ferber,* 458 U.S. 747, 773-774 (1982) (overbreadth insubstantial). The overbreadth of § 29A is substantial. It criminalizes conduct that virtually every person would regard as lawful. Section 29A, for example, makes a criminal of a parent who takes a frontal view picture of his or her naked one-year-old running on a beach or romping in a wading pool.[3] Surely the First Amendment protects that kind of activity, even if what the defendant did in this case could properly be criminalized (a matter we need not decide).

The judgment is reversed and the verdict set aside. The indictment is to be dismissed.

*So ordered.*

O'Connor, J. (dissenting, with whom Nolan and Lynch, JJ., join). The court's analysis "start[s] with a proposition that [the court] would have thought not seriously debatable," namely, that photography is a form of constitutionally protected expression. I intend to address that proposition, but first I feel compelled to focus on a different proposition, a proposition that I would have thought not seriously debatable. That proposition, apparently questioned by the court, is that the State's legitimate interest in protecting children from exploitation extends to the type of exploitation that statutes such as G. L. c. 272, § 29A, are designed to prevent.

In order that the State's interest may be better appreciated, the court's summary statement of the facts of this case needs fleshing out. The photographs, for which the defendant solicited, caused, encouraged, or permitted the minor victim to pose,

---

[3] The artists who painted some of the world's greatest paintings engaged in behavior made unlawful under § 29A if they used child models.

are sexually provocative photographs of the type frequently found in magazines displayed by storekeepers in sealed cellophane wrappers. It is immaterial that they are not "obscene" within the Supreme Court's definition of that word. *New York v. Ferber,* 458 U.S. 747, 756 (1982). It is also immaterial whether they are characterized as pornographic or nonpornographic. Nothing turns on labels. It is only important that these sexually provocative, close-up, color photographs portray a physically mature minor female in various positions atop a bar, clad only in a red scarf around her neck and bikini type white panties, and with her breasts exposed — if not highlighted.

It matters not that the child "consented." I would have thought that proposition not seriously debatable.[1] Nor does it matter that no commercial or even noncommercial distribution was intended, or that the defendant's motive in causing or "permitting" the child to pose for him bare-breasted may have been gratification unrelated to money. In any event, the defendant's conduct, criminalized by G. L. c. 272, § 29A, constituted the abuse, exploitation, and degradation of a child. "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance. . . . The legislative judgment, as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the psychological, emotional, and mental health of the child." *New York v. Ferber, supra* at 757-758 & n.9.

The only real question in this case is whether soliciting, causing, encouraging, or permitting a child to pose nude (within the definition of nudity in G. L. c. 272, § 31) is a form of speech calling for First Amendment analysis. More specifically, the question is whether the possible overbreadth of the statute is a relevant consideration in the decision of this case. The question of overbreadth is irrelevant if soliciting, causing,

---

[1] The trial judge, at the time of sentencing, put it this way: "To suggest that a 15 year old girl can logically and intellectually submit herself for that kind of photography by her stepfather, is to me — is to me an insult to anybody's intelligence."

encouraging, or permitting a child to pose for photographs is not "speech" within the context of the First Amendment. *New York v. Ferber, supra* at 767-768. *Broadrick* v. *Oklahoma,* 413 U.S. 601, 610-612 (1973). Of course, the resolution of the question whether the prohibited conduct is also speech cannot properly be influenced by one's enthusiasm or lack of enthusiasm about the public interest involved.

Indeed, pictures, when displayed or disseminated, talk. It does not follow, however, that soliciting, causing, encouraging, or permitting someone to pose for a photograph is itself speech or is so inextricably bound up with the display or dissemination of a photograph that, for constitutional purposes, it must be treated as speech. As the court emphasizes, "no commercial or even noncommercial distribution was intended or occurred" in this case. The photographs were not designed to communicate, and the statute, focusing entirely on the adverse effect on the child of posing for nude photographs, irrespective of whether the photographs are ever shown to anybody, is entirely neutral with respect to communication.[2] The conduct proscribed by § 29A, then, is only conduct, and not speech, and the overbreadth analysis engaged in by the court is inappropriate.

There appears to be no State or Federal decision directly or analogously supporting the court's conclusion that the defendant's conduct is also speech for constitutional purposes. Instead, the court relies on a dissenting opinion of the Chief Justice of the Supreme Court of Florida, on two law review articles, and on a treatise. The reliance on the law review articles and the treatise is misplaced. Professor Henkin, in his article, discusses *United States* v. *O'Brien,* 391 U.S. 367 (1968), a case in which the defendant burned his draft card to urge others to do the same thing. Henkin criticized the Supreme

---

[2] It would make no difference if the defendant had taken the photographs for the purpose of disseminating them. A distinction must be made between the dissemination of a photograph, which ordinarily is speech, and the preliminary conduct involved in setting up the photograph. Causing someone to pose is no more speech than other required preliminaries such as manufacturing the film or the camera.

Court's pronouncement that "some kinds of conduct *used to express an idea* . . . are 'speech' protected by the first amendment, while others are not" (emphasis added). Henkin, The Supreme Court, 1967 Term — Foreword: On Drawing Lines, 82 Harv. L. Rev. 63, 77 (1968). Henkin expressed his view that *all* kinds of conduct used to express an idea are speech. He directed his attention to picketing as well as draft card burning, observing that "[i]n picketing . . . it is not solely or primarily the words that communicate; the presence of the pickets is itself a communication, and indeed picketing is often effective regardless of what the placards say, because even persons who never read the placards are reluctant to cross a picket line. And what would the Court make of silent pickets who carry no signs but whose presence effectively communicates a message?" *Id.* at 79.

It was in the context of discussing conduct that directly, immediately, and standing alone conveys a message, and is intended to do so, that Henkin wrote the sentences that the court quotes, *ante* at 604: "A constitutional distinction between speech and conduct is specious. Speech *is* conduct, and actions speak" (emphasis in original). In context, it is clear that Henkin's point was that there is no valid constitutional distinction between the articulation of words and other conduct *used to express an idea*. As Henkin wrote, "[T]he meaningful constitutional distinction is not between speech and conduct, but between conduct that speaks, communicates, and other kinds of conduct. If it is intended as expression, if in fact it communicates, especially if it becomes a common comprehensible form of expression, it is 'speech.'" *Id.* at 79-80. Burning a draft card to express displeasure with government conduct or policy and picketing constitute conduct that speaks. However, soliciting, causing, encouraging, or permitting a child to pose nude is not intended as expression; it does not communicate; it is not "a common comprehensible form of expression." Nothing in Henkin's article even remotely suggests that all conduct should be viewed as speech or that the type of conduct involved in this case is speech.

Similarly, the other law review article cited by the court, Ely, Flag Desecration: A Case Study in the Roles of Categorization and Balancing in First Amendment Analysis, 88 Harv. L. Rev. 1482, 1494-1496 (1975), provides no support for the court's position. As is apparent from the title of the article, the author's focus was on desecration of the American flag as a symbolic means of political protest. The article is about conduct used to express an idea. At least by implication, Professor Ely's article states the proposition that the type of conduct involved in this case, which by itself expresses no idea, should be considered pure conduct for purposes of constitutional analysis.

Professor Tribe's treatise, American Constitutional Law § 12-7, at 825-832 (2d ed. 1988), should give the court no more comfort than do the law review articles. He, too, focuses on cases involving picketing and civil rights demonstrations and other forms of "nonverbal symbolic expression." *Id.* at 826. He observes that " [e]xpression and conduct, message and medium, are thus inextricably tied together in all *communicative* behavior; *expressive* behavior is '100% action and 100% expression' " (emphasis added). *Id.* at 827. Nothing in Tribe's treatise suggests that the defendant's conduct was communicative or expressive so as to permit an overbreadth argument, and treating it as such results in an unprecedented and inappropriate expansion of the overbreadth doctrine.[3]

Although there are no decisions supporting the court's view, there are decisions supporting my view. In *State* v. *Helgoth,*

---

[3] "The traditional rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court. . . . What has come to be known as the First Amendment overbreadth doctrine is one of the few exceptions to this principle and must be justified by 'weighty countervailing policies.' *United States* v. *Raines,* [362 U.S. 17, 22-23 (1960)]. The doctrine is predicated on the sensitive nature of protected expression: 'persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression.' *Schaumburg* v. *Citizens for a Better Environment,* 444 U.S. 620, 634 (1980); *Gooding* v. *Wilson,* [405 U.S. 518, 521 (1972)]." (Citations omitted). *New York* v. *Ferber, supra* at 767-769.

691 S.W.2d 281 (en banc) (Mo. 1985), the defendant took posed photographs of a girl under seventeen, focused on her uncovered breasts and vagina. The pertinent statute made it unlawful to photograph a child under seventeen engaging in nudity, "if such nudity is to be depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction." *Id.* at 283. The court concluded that "the activity engaged in by the defendant and prohibited by the statute is distinctly conduct, as contrasted with speech. The offensive act is grounded in child abuse, and that is the epicenter of the case. The specific distinction to be made is between the use of children in the actual production of pornographic material and the ultimate dissemination of materials so produced." *Id.* at 284.

In *Griffin* v. *State,* 396 So. 2d 152, 155-156 (Fla. 1981), the defendant was charged with producing or directing production of obscene photographs involving a minor and with procuring a minor for obscene photographs, in violation of statute. The defendant's motion to dismiss attacking the constitutionality of the statute was denied, and the defendant appealed. The court affirmed (with Sundberg, C.J., dissenting), reasoning that "the statute in question does not proscribe constitutionally protected speech or activities, but prohibits specific conduct relating to minors. '[S]tates have greater power to regulate nonverbal, physical conduct than to suppress depictions or descriptions of the same behavior.'" *Id.* at 155, quoting *Miller* v. *California,* 413 U.S. 15, 26 (1973).

General Laws c. 272, § 29A, regulates conduct that is not speech. Soliciting, causing, encouraging, or permitting a minor to pose for photographs is no more speech than is setting a house afire in order to photograph a burning house. Therefore, even if it were necessary to construe § 29A as making "a criminal of a parent who takes a frontal view picture of his or her naked one-year-old running on a beach or romping in a wading pool," a doubtful proposition asserted by the court, the overbreadth of the statute is irrelevant. As applied to the defendant, the statute bears a reasonable relation to a permis-

sible legislative objective, and it is constitutional.[4] I would affirm the conviction.

---

[4] General Laws c. 272, § 29A (1986 ed.), provides that "[w]hoever . . . hires, coerces, solicits or entices, employs, procures, uses, causes, encourages, or knowingly permits [a] child to pose or be exhibited in a state of nudity *or to participate or engage in any act that depicts, describes or represents sexual conduct* for purpose of visual representation or reproduction in any book, magazine, pamphlet, motion picture film, photograph, or picture shall be punished . . ." (emphasis added). Even if overbreadth were an appropriate consideration and the statute were overbroad, the overbreadth relates only to that portion of the statute focusing on the causing or permitting of a child to pose in a state of nudity. The emphasized portion of the statute is certainly not overbroad, and the statute is clearly severable. Thus, in no event should the whole statute be ruled unconstitutional. The court's opinion fails to address this issue