COMMONWEALTH *vs.* DOUGLAS OAKES.

Worcester. December 7, 1989. - March 20, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Constitutional Law*, Freedom of speech and press. *Practice, Criminal*, Required finding, Appeal.

At a criminal trial where the defendant did not preserve, in a motion for a required finding of not guilty or in a request for limiting jury instructions, his challenge to the constitutionality of the statute under which he was prosecuted as applied to his conduct, the standard of appellate review was whether there was error creating a substantial risk of a miscarriage of justice. [94-95]

The criminal penalties provided by G. L. c. 272, § 29A, as amended through St. 1984, c. 189, § 165, were constitutional as applied to the conduct of a defendant who had posed his fourteen year old stepdaughter semi-nude and photographed her, in view of the Commonwealth's interest, unrelated to the restriction of expression, in protecting minors from exploitation. [95-98] O'CONNOR, J., with whom NOLAN and LYNCH., JJ., joined, concurring.

A criminal defendant was not entitled to raise for the first time the issue of the constitutionality of a statute under the Massachusetts Declaration of Rights, after remand of the case from the United States Supreme Court for further proceedings in the Supreme Judicial Court. [98-99]

INDICTMENT found and returned in the Superior Court Department on January 9, 1985.

Following review by this court, 401 Mass. 602 (1988), there was a rehearing pursuant to an order of the Supreme Court of the United States.

*Richard J. Vita (Jeffrey L. Baler* with him) for the defendant.

*James M. Shannon*, Attorney General *(Judy G. Zeprun*, Assistant Attorney General, with him) for the Commonwealth.

ABRAMS, J. After this court's opinion in *Commonwealth* v. *Oakes*, 401 Mass. 602 (1988), reversing the defendant's conviction for violation of G. L. c. 272, § 29A (1986 ed.),[1] because of constitutional overbreadth under the First Amendment, the Legislature amended G. L. c. 272, § 29A.[2] As a result of the legislative amendment to G. L. c. 272, § 29A, and after oral argument, a plurality of the United States Supreme Court decided that the overbreadth issue was moot and remanded the case to us for further proceedings on the remaining "live" issue, an as-applied Federal constitutional attack on the statute. See *Massachusetts* v. *Oakes*, 109 S. Ct. 2633, 2639 (1989).[3] For the reasons stated in this opinion, we affirm the defendant's conviction.

---

[1]General Laws c. 272, § 29A (1986 ed.), in its entirety read as follows: "Whoever with knowledge that a person is a child under eighteen years of age, or whoever while in possession of such facts that he should have reason to know that such person is a child under eighteen years of age, hires, coerces, solicits or entices, employs, procures, uses, causes, encourages, or knowingly permits such child to pose or be exhibited in a state of nudity or to participate or engage in any act that depicts, describes or represents sexual conduct for purpose of visual representation or reproduction in any book, magazine, pamphlet, motion picture film, photograph, or picture shall be punished by imprisonment in the state prison for a term of not less than ten nor more than twenty years, or by a fine of not less than ten thousand dollars nor more than fifty thousand dollars, or by both such fine and imprisonment.

"It shall be a defense in any prosecution pursuant to this section that such visual representation or reproduction of any posture or exhibition in a state of nudity was produced, processed, published, printed or manufactured for a bona fide scientific or medical purpose, or for an educational or cultural purpose for a bona fide school, museum or library."

[2]Section 29A was amended by St. 1987, c. 294, § 1, and again by St. 1988, c. 226, § 1. The 1988 amendment inserted the phrase, "and with lascivious intent" before "hires, coerces, solicits . . . ." We express no view whether this amendment meets constitutional standards.

[3]The defendant makes an overbreadth argument in which he relies almost exclusively on Federal cases. To the extent that the defendant argues that his overbreadth challenge still is before this court, we disagree. The United States Supreme Court "took [this] case to decide the overbreadth question alone." *Massachusetts* v. *Oakes*, *supra* at 2639. The Court vacated our judgment relating to overbreadth and remanded the case to us for further proceedings on the defendant's as-applied challenge to the former version of § 29A. *Id.* at 2639, and 2641 (Scalia, J., concurring). Justice O'Connor, writing for a plurality, declined to reach the overbreadth

Generally, a challenge to the constitutionality of a statute *as applied* should be preserved in a motion for a required finding of not guilty under Mass. R. Crim. P. 25, as amended, 389 Mass. 1107 (1983). See *Commonwealth* v. *Jasmin*, 396 Mass. 653, 655 (1986) ("a challenge to . . . a statute as applied might properly be raised before trial, but it need not be raised until the Commonwealth has presented its evidence showing the circumstances in which the statute would be applied to a defendant"). See also *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374, 383 (1976); *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 58-59 (1974). Although the defendant raised an as-applied challenge to the statute's constitutionality in a pretrial motion to dismiss, he failed to preserve it at trial. He did not move for a required finding of not guilty. See Mass. R. Crim. P. 25 (a). He also did not ask for any limiting jury instructions. Thus, under our procedural rules, the defendant's Federal constitutional as-applied challenge was not properly preserved.[4] "[W]e recognize that we may consider issues on appeal not raised at trial, but our power to do so is rarely exercised, and is exercised only in response to a serious and obvious error creating

---

question on the ground of mootness, ruling that "overbreadth analysis is inappropriate if the statute being challenged has been amended or repealed." *Id.* at 2637, citing *Bigelow* v. *Virginia*, 421 U.S. 809 (1975). To the extent that the defendant relies on art. 16, see *infra* at 98-99.

[4]We note that, in the Federal courts, an argument not raised in a motion for acquittal (the Federal counterpart of our motion for a required finding of not guilty) ordinarily is deemed waived. See *United States* v. *Hernandez*, 876 F.2d 774, 777 (9th Cir.), cert. denied, 110 S. Ct. 179 (1989); *United States* v. *Knuckles*, 581 F.2d 305, 310 (2d Cir.), cert. denied, 439 U.S. 986 (1978); Fed. R. Crim. P. 29. "Ordinarily an appellate court does not give consideration to issues not raised below . . . . There may always be exceptional cases[, however,] which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below." *Hormel* v. *Helvering*, 312 U.S. 552, 556-557 (1941). See *Union Planters Nat'l Bank* v. *Commercial Credit Business Loans, Inc.*, 651 F.2d 1174, 1187 (6th Cir.), cert. denied, 454 U.S. 1124 (1981); *Johnston* v. *Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir. 1979); *McMillan* v. *Marine Sulphur Shipping Corp.*, 607 F.2d 1034, 1038 n.8 (2d Cir. 1979), cert. denied, 445 U.S. 905 (1980).

a substantial risk of a miscarriage of justice." *Common-wealth* v. *Pares- Ramirez*, 400 Mass. 604, 609 (1987). *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). We conclude there is no substantial risk of a miscarriage of justice.

In determining whether the defendant's claim that the former statute, G. L. c. 272, § 29A, is unconstitutional as applied to his conduct, we set forth the facts in the light most favorable to the Commonwealth. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). See also *Commonwealth* v. *Jasmin*, 396 Mass. 653 (1986). In 1983 and 1984, the defendant took a series of photographs of his stepdaughter, who was then fourteen years old. At first, he photographed her in clothes. Next, he photographed her wearing bathing suits and "age-inappropriate" lingerie. Finally, he took approximately ten photographs of her, posed atop a bar in the basement of their home, wearing only bikini underpants and a red scarf. These photographs prominently featured the teenager's uncovered breasts. The defendant suggested that these photographs would make her "big for Playboy magazine." The defendant kept these photographs a secret from his then wife,[5] the teenager's mother. He kept them hidden, first in a locked safe and then in a false ceiling in the basement of the house. The teenager attempted to rip up the photographs and throw them away. When the defendant discovered her attempt to destroy the photographs, he demanded that she reassemble them. The defendant's trial strategy (trial counsel is not counsel on appeal) was to deny that he took the photographs.

The defendant argues that his conviction cannot stand because the photographs are protected speech under the First Amendment to the United States Constitution. Contrary to the defendant's argument, his conduct was not "pure" speech; contrary to the Commonwealth's argument, it was not merely conduct. The activities for which the defendant was convicted were mixed speech and conduct, or expressive

---

[5]The defendant and the teenager's mother are now divorced.

conduct. *Commonwealth* v. *Oakes, supra* at 603-604.[6] See *State* v. *Helgoth*, 691 S.W.2d 281 (en banc) (Mo. 1985) (in child pornography prosecution, prohibited conduct may be assumed to contain "speech" as well as "non-speech" elements). Accord *People* v. *Folk*, 109 Misc. 2d 738 (N.Y. Crim. Ct. 1981); *State* v. *Jordan*, 665 P.2d 1280 (Utah), appeal dismissed, sub nom. *Fullmer* v. *Utah*, 464 U.S. 910 (1983). Cf. *Payne* v. *Commonwealth*, 623 S.W.2d 867, 872 (Ky. 1981), cert. denied, 456 U.S. 909 (1982).

Under current First Amendment analysis, "[t]he Government generally has a freer hand in restricting expressive conduct than it has in restricting the written or spoken word." *Texas* v. *Johnson*, 109 S. Ct. 2533, 2540 (1989). When " 'speech' and 'nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms." *United States* v. *O'Brien*, 391 U.S. 367, 376 (1968).

In order for a State to prevail under the rule in *O'Brien*, it must demonstrate that it has "asserted an interest in support of [the defendant's] conviction that is unrelated to the suppression of expression." *Texas* v. *Johnson, supra* at 2541.[7] To justify the defendant's conviction, the Commonwealth asserts an interest in protecting minors from exploitation. The Commonwealth's interest in preventing the exploitation of children meets the *O'Brien* standard, *id.*, because it is unre-

---

[6]The photographs taken by the defendant were neither obscene nor pornographic. Thus, there was no question before us whether the pictures met the definition of child pornography in *New York* v. *Ferber*, 458 U.S. 747, 756-757 (1982). "The value of permitting live performances and photographic reproductions of children engaged in lewd sexual conduct is exceedingly modest, if not *de minimis*." *Id.* at 762.

[7]The defendant's conduct is quite different from cases in which the United States Supreme Court has concluded that the expressive conduct was protected. See, e.g., *Texas* v. *Johnson, supra*; *Spence* v. *Washington*, 418 U.S. 405 (1974) (public burning or altering of the American flag); *Tinker* v. *Des Moines School Dist.*, 393 U.S. 503 (1969) (publicly wearing black arm band). In this case, the defendant took semi-nude photographs of a teenager and kept them hidden. The photographing of a nude minor is the conduct that § 29A seeks to penalize.

lated to the suppression of expression. Moreover, "[i]t is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.' " *New York v. Ferber*, 458 U.S. 747, 756-757 (1982), quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982). The interest in protecting minors from exploitation falls within an area in which States traditionally have exercised the police power. See *Prince v. Massachusetts*, 321 U.S. 158, 170 (1944); *State v. Jordan*, 665 P.2d 1280, 1283 (Utah 1983).

The defendant's conduct in posing his stepdaughter partially nude and photographing her is distinguishable from the dissemination of such photographs. For First Amendment purposes, the former is mixed speech and conduct, or expressive conduct; the latter is "pure" speech, and under Federal law is more fully protected than expressive conduct. "Regulations governing activities of distributors of child pornography may be viewed with greater constitutional scrutiny than those regulating activities of coercers and producers, because the latter are considered to regulate primarily conduct and only incidentally speech." *United States v. Reedy*, 632 F. Supp. 1415, 1418-1419 (W.D. Okla. 1986), aff'd, 845 F.2d 239 (10th Cir. 1988), cert. denied, 489 U.S. 1055 (1989). "The specific distinction to be made is between the use of children in the actual production of pornographic material and the ultimate dissemination of materials so produced." *State v. Helgoth*, 691 S.W.2d 281, 284 (en banc) (Mo. 1985).

The Commonwealth's evidence did not show any indication that the photographs would be distributed. Therefore, considerations peculiar to distributors are not involved in this case. Rather, the harm sought to be proscribed by § 29A is the conduct involved in photographing a child nude or seminude, not the photographs themselves.[8] Thus, the fact that

---

[8]Even though we accept the defendant's contention that the photographs contain "nothing more harmful or more serious than nudity *per se*," it does not support the defendant's claim that his conviction was unconstitutional. Convictions for photography of nude children have been upheld against

the pictures are not child pornography under *New York v. Ferber*, 458 U.S. 747 (1982), is irrelevant. What is made criminal under § 29A is photographing minors nude or semi-nude. Accordingly, under Federal constitutional law, the Commonwealth's interest in protecting children permits the application of § 29A to the defendant's conduct.

On remand from the United States Supreme Court, the defendant for the first time argues that the statute under which he was convicted violates art. 16 of the Massachusetts Declaration of Rights. Although the defendant stated in his pretrial motion to dismiss that the statute violated art. 16 of the Declaration of Rights, he never offered any argument to support his contention at any stage of the proceedings until the action was remanded to us by the United States Supreme Court. The defendant now argues that art. 16 of the Declaration of Rights provides greater protection to a citizen than does the First Amendment to the United States Constitution. See, e.g., *Commonwealth v. Sees*, 374 Mass. 532 (1978). The Attorney General responds by noting that it has been this court's policy not to decide cases on State constitutional grounds unless the State constitutional issue was raised at trial and is argued separately from any Federal claim. See *Commonwealth v. Shine*, 398 Mass. 641, 649 n.2 (1986); *Commonwealth v. Acen*, 396 Mass. 472, 473 n.2, appeal dismissed, 476 U.S. 1155 (1986); *Matter of Roche*, 381 Mass. 624, 629 n.7 (1980). See also *Commonwealth v. McDonough*, 400 Mass. 639, 647 n.12 (1987). Cf. *Commonwealth v. Upton*, 394 Mass. 363, 364 (1985) (discussing State law issue timely raised but not decided in *Commonwealth v. Upton*, 390 Mass. 562, 573-574 [1983]). We agree with the

---

challenges on First Amendment grounds. See, e.g., *United States v. Wolf*, 890 F.2d 241 (10th Cir. 1989); *United States v. Wiegand*, 812 F.2d 1239 (9th Cir.), cert. denied, 484 U.S. 856 (1987); *United States v. Freeman*, 808 F.2d 1290 (8th Cir.), cert. denied, 480 U.S. 922 (1987); *United States v. Smith*, 795 F.2d 841 (9th Cir. 1986), cert. denied, 481 U.S. 1032 (1987); *State v. Helgoth, supra.*

Attorney General that the defendant did not preserve this issue. We therefore do not reach or discuss it.[9]

*Judgment affirmed.*


O'CONNOR, J. (concurring, with whom Nolan and Lynch, JJ., join). I agree with the court that "under Federal constitutional law, the Commonwealth's interest in protecting children permits the application of [G. L. c. 272,] § 29A to the defendant's conduct." *Ante* at 98. I agree that the conviction should be affirmed. I write separately only because in my view, the same view I expressed in *Commonwealth* v. *Oakes*, 401 Mass. 602, 605 (1988) (O'Connor, J., dissenting), vacated and remanded, 109 S. Ct. 2633, 2639 (1989), the court errs when it declares that "speech" requiring First Amendment analysis occurred in this case. The mere procuring or causing of a child to pose for photographs, not shown by the

----

[9]The defendant did not raise the issue of mens rea, because his defense was that he did not take the pictures. Therefore, we do not reach or discuss the issue. "When a defendant, acting through competent counsel, puts particular evidence in issue, he may not effectively argue on appeal that his own trial strategy denied him his constitutional rights." *Commonwealth* v. *Williams*, 379 Mass. 600, 606 (1980). Generally, "the defendant is precluded from asserting on appeal a ground not properly brought to the attention of the trial judge." *Commonwealth* v. *Gullick*, 386 Mass. 278, 281 (1982). Cf. *Hormel* v. *Helvering*, 312 U.S. 552, 557 (1941) (a court may review a question of law not pressed below if an injustice might result). There was no injustice here; had the defendant moved for a required finding of not guilty, see Mass. R. Crim. P. 25 (a), at the close of the Commonwealth's case, see *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 (1976), it should have been denied. The facts and circumstances of the Commonwealth's evidence were sufficient for a jury to infer the defendant's wrongful intent. Because there was sufficient evidence of wrongful intent, there is no injustice in barring consideration of the defendant's intent at this late date.

We add that, although the defendant did not request such an instruction, the judge instructed the jurors that the Commonwealth had to prove beyond a reasonable doubt that the photographs were not produced, processed, published, printed, or manufactured for a bona fide scientific or medical purpose, or for an educational or cultural purpose for a bona fide school, museum, or library. See note 1, par. 2, *supra*.

evidence nor even contended by the defendant to have been taken for display or distribution, is not speech. Conduct, of course, may constitute speech, but conduct that is not intended to communicate and that says nothing to anyone, as here, does not call for First Amendment-type analysis. The court relies primarily on *State* v. *Helgoth*, 691 S.W.2d 281 (en banc) (Mo. 1985), in support of its statement that the defendant's actions in this case contain elements of speech. In fact, as I stated in my dissent in *Oakes*, *supra* at 609-610, *Helgoth* stands for the contrary proposition. In *Helgoth*, the defendant was convicted of taking posed photographs of a seventeen year old girl that focused on her uncovered breasts and vagina. The Supreme Court of Missouri stated that "the activity engaged in by the defendant and prohibited by the statute is distinctly conduct, as contrasted with speech. The offensive act is grounded in child abuse, and that is the epicenter of the case. The specific distinction to be made is between the use of children in the actual production of pornographic material and the ultimate dissemination of materials so produced." *Id.* at 284. By stating otherwise in this case as to the defendant's similar conduct, the court creates unwise precedent.