COMMONWEALTH *vs.* RONALD D. PROVOST.

Worcester. May 3, 1994. - July 20, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law*, Freedom of speech and press. *Statute*, Construction, Validity. *Words*, "Nudity," "Lascivious intent."

Evidence at a criminal trial warranted a finding that the defendant "knowingly permitted" or "encouraged" a child under eighteen years of age to pose in a state of "nudity" within the meaning of G. L. c. 272, § 29A (*a*). [418-419]

Discussion of cases examining the constitutionality of G. L. c. 272, §§ 29A and 31, under the First Amendment to the United States Constitution. [419-421]

The provisions of G. L. c. 272, §§ 29A and 31, were not unconstitutional on First Amendment grounds as applied to the conduct of a criminal defendant who took photographs of a partially nude child with lascivious intent [421-422], nor was the overbreadth doctrine applicable where the statute's prohibitions were construed as limited to the conduct of persons who, with lascivious intent, depict in a visual medium clearly defined uncovered body areas of children under the age of eighteen [422-423].

There was no merit to a criminal defendant's contention that G. L. c. 272, § 29A, criminalized intent without attendant conduct. [423-424]

INDICTMENT found and returned in the Superior Court Department on September 17, 1992.

The case was heard by *Daniel F. Toomey*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James G. Reardon, Sr.* (*James G. Reardon, Jr.*, with him) for the defendant.

*Patricia C. Smith*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. The defendant was indicted on one count of violating G. L. c. 272, § 29A (1992 ed.).[1] The defendant's motion to dismiss the indictment was denied. At the close of his jury-waived trial, the defendant's motion for a required finding of not guilty was also denied, and he was found guilty and sentenced to a ten-year suspended prison term and five years probation with certain restrictions on his activities.[2] On appeal, the defendant argues that his conduct did not violate G. L. c. 272, § 29A (a). He also argues that § 29A (a) and G. L. c. 272, § 31 (1992 ed.), are constitutionally infirm in that they criminalize the depiction of nudity per se and because they criminalize intent without attendant conduct. We transferred the case here on our own motion and now affirm his conviction.

The evidence would warrant the following findings. The defendant is a Roman Catholic priest who organized outings for the children in his parish. On January 11, 1992, the defendant took ten year old John Doe (an alias) and four or five other children to "swim night" at a recreational facility in a neighboring town. The defendant took photographs of the children as they frolicked in the pool. Afterward John delayed changing until the others were almost through and then asked the defendant to hold up a towel so that he could change without being seen. John and the defendant were in a portion of the locker room that was separated from others by a row of lockers.

---

[1]General Laws c. 272, § 29A (1992 ed.), provides in pertinent part: "(a) Whoever, either with knowledge that a person is a child under eighteen years of age or while in possession of such facts that he should have reason to know that such person is a child under eighteen years of age, and with lascivious intent, hires, coerces, solicits or entices, employs, procures, uses, causes, encourages, or knowingly permits such child to pose or be exhibited in a state of nudity, for the purpose of representation or reproduction in any visual material, shall be punished . . . ."

[2]The restrictions include: "1) stay away from [John Doe]; 2) no contact with children under age 16; 3) [a]ll employment to be approved by the [p]robation [d]epartment; 4) [a]void involvement with youth programs; 5) [c]ontinue treatment at St. Luke's Institute; 6) [a]fter care as directed by the [p]robation [d]epartment."

As John was changing, the defendant took his camera out of his bag and began to photograph John. John testified that he automatically struck different poses without any instruction from the defendant. John's partially covered scrotal area is visible in two of the photographs. Several of the photographs depict John displaying his bare buttocks ("mooning" the defendant), extending his middle finger in the air, extending his middle finger from his underwear, and flexing his muscles.

A patron of the facility entered the men's locker room and saw the defendant with the camera strapped around his neck. He twice asked the defendant whether he was taking photographs of the children in the nude. The defendant responded, "He's got his clothes on." The patron reported the incident to a lifeguard but when the patron returned to the locker room, the defendant and John were gone. The defendant told John that he would destroy the photographs.

When subsequently interviewed by the police, the defendant gave a signed statement stating that he has "taken pictures of kids in the nude, mooning. When I look at these pictures I have sexual tendencies. I have [fantasies] of having sex with the boys. I sometimes masturbate while looking at these pictures."

*The statute.* The defendant claims that his activities did not fall within the ambit of § 29A (*a*). He first contends that the photographs do not depict a minor in a state of nudity within the meaning of § 31, which defines "nudity" as: "uncovered or less than opaquely covered human genitals, pubic areas, . . . or the covered male genitals in a discernibly turgid state." Although John had his underwear on, in two of the photographs portions of his pubic and genital area are clearly visible. The statute does not require that the areas be completely uncovered. It is enough that a portion of the nude genital area is visible. The defendant next argues that the evidence did not warrant the finding that the defendant hired, coerced, solicited, enticed, employed, procured, used, caused, encouraged, or knowingly permitted John to be exhibited in a state of nudity for the purpose of reproduction in

a photograph as proscribed by § 29A (*a*). He asserts that the depiction of John's pubic area was unintentional and that, since John voluntarily struck the various poses without instruction, he did not "knowingly permit" him to pose in a state of nudity.

Whether the defendant "knowingly permitted" John to pose in a state of nudity is a question of fact. "The question of a defendant's knowledge is exclusively within the province of the [fact finder], and [the fact finder is] 'free to draw an inference of guilty knowledge . . . "if the inferences drawn from the circumstances [are] reasonable and possible." ' " *Commonwealth* v. *Sama*, 411 Mass. 293, 298 (1991), quoting *Commonwealth* v. *Albano*, 373 Mass. 132, 134 (1977). The photographs themselves suggest that the defendant knowingly permitted John to pose with a portion of his pubic region and genitals exposed. He took a series of well-focused photographs at various points in the process of John's dressing. John's genital area is prominent in many of the photographs. The defendant admitted that he sometimes took photographs of nude boys for sexual gratification. There was sufficient evidence, therefore, for the judge to conclude that the defendant knowingly permitted John to pose in a state of nudity. Furthermore, the fact that the defendant continued to take the photographs as John struck different poses certainly supports the inference that he "encouraged" John to pose in a state of nudity.

*Constitutionality of G. L. c. 272, §§ 29A and 31.* We have had occasion to examine G. L. c. 272, §§ 29A, and 31 (1986 ed.), in two previous decisions. In the first, *Commonwealth* v. *Oakes*, 401 Mass. 602, 604-605 (1988) (*Oakes I*), vacated and remanded, 491 U.S. 576, 581 (1989), the defendant was prosecuted for taking photographs of his minor stepdaughter while she was nude from the waist up. The court held that § 29A, as then written, was constitutionally overbroad in its reach because, for example, it made it a criminal act for a parent to photograph "his or her naked one-year-old running

on a beach or romping in a wading pool." *Id.* at 605. Accordingly, the court struck down the statute. *Id.*[3]

Subsequently, in *Commonwealth* v. *Oakes*, 407 Mass. 92 (1990) (*Oakes II*), the court upheld the same defendant's conviction under the original statute in the face of his constitutional challenge that the statute violated his right to free speech under the First Amendment to the United States Constitution.[4] The court concluded that the defendant's activity of photographing his nude stepdaughter was "mixed speech and conduct, or expressive conduct." *Id.* at 95-96. "Under current First Amendment analysis, '[t]he Government generally has a freer hand in restricting expressive con-

---

[3]Following our decision in *Commonwealth* v. *Oakes*, 401 Mass. 602 (1988) (*Oakes I*), the Legislature amended § 29A to provide that "[w]hoever . . . *with lascivious intent*, hires, coerces, solicits or entices, employs, procures, uses, causes, encourages, or knowingly permits such child to pose or be exhibited in a state of nudity . . ." (emphasis supplied). St. 1988, c. 226, § 1.

The Legislature also amended § 31 to provide the following definition of "[l]ascivious intent: "a state of mind in which the sexual gratification or arousal of any person is an objective. For the purposes of prosecution under this chapter, proof of lascivious intent may include, but shall not be limited to, the following: (1) whether the circumstances include sexual behavior, sexual relations, infamous conduct of a lustful or obscene nature, deviation from accepted customs and manners, or sexually oriented displays; (2) whether the focal point of a visual depiction is the child's genitalia, pubic area, or breast area of a female child; (3) whether the setting or pose of a visual depiction is generally associated with sexual activity; (4) whether the child is depicted in an unnatural pose or inappropriate attire, considering the child's age; (5) whether the depiction denotes sexual suggestiveness or a willingness to engage in sexual activity; (6) whether the depiction is of a child engaging in or being engaged in sexual conduct, including, but not limited to, sexual intercourse, unnatural sexual intercourse, bestiality, masturbation, sado-masochistic behavior, or lewd exhibition of the genitals." St. 1988, c. 226, § 3.

The United States Supreme Court after granting certiorari refused to review the overbreadth question concluding that the Legislature had amended the statute, and the overbreadth question had become moot. *Massachusetts* v. *Oakes*, 491 U.S. 576, 583-585 (1989).

[4]The defendant in the *Oakes* cases had failed to preserve his applied challenge to the State Constitution. Consequently his conviction was reviewed to determine whether there was a substantial risk of a miscarriage of justice. *Commonwealth* v. *Oakes*, 407 Mass. 92, 94-95 (1990) (*Oakes II*).

duct than it has in restricting the written or spoken word.' " *Id.* at 96, quoting *Texas* v. *Johnson*, 491 U.S. 397, 406 (1989). "When ' "speech" and "nonspeech" elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms.' " *Id.*, quoting *United States* v. *O'Brien*, 391 U.S. 367, 376 (1968). The court noted that the Commonwealth's important interest must be unrelated to the suppression of expression. *Oakes II, supra.* See *Texas* v. *Johnson, supra* at 407. The court concluded further that the Commonwealth's interest in protecting minors from exploitation was both unrelated to the suppression of expression and sufficiently compelling to meet the standard in *United States* v. *O'Brien, supra. Oakes II, supra* at 96-97. "[T]he fact that the pictures are not child pornography under *New York* v. *Ferber*, 458 U.S. 747 (1982), is irrelevant." *Id.* at 97-98. Finally, it was determined that, "under Federal constitutional law, the Commonwealth's interest in protecting children permits the application of § 29A to the defendant's conduct." *Id.* at 98. See *id.* at 99 (O'Connor, J., concurring).

Assuming that the defendant's activity in this case was mixed speech and conduct, under the amended versions of §§ 29A and 31, the same rationale applies. The taking of photographs of a partially nude child with lascivious intent is conduct that § 29A is designed to prevent. See *Oakes II, supra* at 96-97. The governmental interest in suppressing this type of conduct is unrelated to expression. *Id.* See *Texas* v. *Johnson, supra* at 407. The Commonwealth's compelling interest in protecting and safeguarding the physical and psychological well being of John in this case, therefore, allows the application of §§ 29A and 31 to the defendant's conduct.[5]

---

[5]On appeal, the defendant argues that art. 16 of the Massachusetts Declaration of Rights affords him greater free speech protections than does the First Amendment. Although the defendant mentioned that art. 16 *may* be broader than the First Amendment in the memorandum accompanying his motion for a required finding of not guilty, he made no art. 16 argument

The defendant essentially argues, however, that § 29A imposes more than "incidental" restrictions on his speech and for that reason fails the *O'Brien* test. We do not agree. Assuming for the purpose of argument that speech is involved, the Commonwealth has a compelling interest in protecting children from exploitation. The defendant makes no argument that § 29A suppresses more speech than is essential to further the Commonwealth's interest. See *O'Brien, supra* at 377.

To the extent that the defendant claims that the statute is void under the overbreadth doctrine, his argument must fail.

"In *Broadrick* v. *Oklahoma,* 413 U.S. 601, 610 (1973), the Court acknowledged that the general rule is that a person to whom a statute may be applied constitutionally will not be allowed to challenge the statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court. The Court explained that since 'the First Amendment needs breathing space . . . [l]itigants . . . are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.' *Id.* at 611-612. The Court admonished, however, that because the overbreadth standing doctrine is 'manifestly, strong medicine,' the Court has employed it sparingly. *Id.* at 613. In *Young* v. *American Mini Theatres, Inc.,* 427 U.S. 50, 60 (1976), quoting *Erznoznik* v. *Jacksonville,* 422 U.S. 205, 216 (1975), the Court further explained that, if a statute's deterrent effect on protected expression is not 'both real and substantial' and if the statute is 'readily subject to a narrowing construction,' the doctrine of overbreadth may not be em-

separate from his Federal claim. Accordingly, he did not preserve the issue for appeal. *Oakes II, supra* at 98-99.

ployed." *Marshfield Family Skateland, Inc.* v. *Marsh-field*, 389 Mass. 436, 444, appeal dismissed, 464 U.S. 987 (1983).

The defendant has failed to demonstrate either substantial overbreadth or substantial deterrent effect. "Facial overbreadth has not been invoked when a limiting construction has been or could be placed on the challenged statute." *Broadrick, supra* at 613. The defendant's sole overbreadth argument is that the statute impermissibly criminalizes the depiction of nudity per se in contravention of *New York* v. *Ferber, supra.*

The defendant asserts that, because the term "nudity" is not sufficiently limited, § 29A (*a*) unconstitutionally criminalizes the depiction of nudity per se. Section 31, which defines the terms utilized in § 29A clearly defines "nudity" and gives adequate notice of the prohibited conduct. Contrary to the defendant's assertion, § 29A (*a*) and § 31 together do not prohibit the mere visual depiction of nudity. Rather, the statute prohibits a person who, *with lascivious intent*, depicts a child's "uncovered or less than opaquely covered human genitals, pubic areas, the human female breast below a point immediately above the top of the areola, or the covered male genitals in a discernibly turgid state," in a visual medium. Thus the defendant's contention that the statute criminalizes photographing nudity, without more, is erroneous.[6] So construed we believe the statute avoids any overbreadth problems, and "whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Broadrick, supra* at 615-616.

The defendant's contention that § 29A criminalizes intent without attendant conduct also fails. The defendant erroneously segregates the "lascivious intent" component of the

[6]Neither of the examples that this court cited in *Oakes I, supra* at 605, artistic works or photographing a "naked one-year-old running on a beach or romping in a wading pool," would be criminal under the statute provided that the artist or photographer had no lascivious intent.

statute from the conduct component which includes hiring, coercing, soliciting or enticing, employing, procuring, using, causing, encouraging, or knowingly permitting a "child to pose or be exhibited in a state of nudity, for the purpose of representation or reproduction in any visual material." See note 1, *supra.* The statute does not criminalize a defendant's lascivious intent alone. It is only the defendant's lascivious intent combined with the enumerated acts that gives rise to criminal liability.

*Judgment affirmed.*