Lowy, J.
The defendant moves to dismiss the indictment, based on violation of G.L.c. 272, §29A, on the grounds that the evidence presented to the grand jury did not establish a cognizable crime under the statute. Based upon the conclusions of law discussed below, the defendant’s motion is denied.
Background
In April 2001, the defendant, Nolan Dow (“Dow”), was charged with one indictment for Posing a Child in the State of Nudity in violation of G.L.c. 272, §29A. The grand jury was presented with the following evidence. On November 26, 2000, a seventeen-year-old female, after showering, exited the bathroom door, when she saw her stepfather, Nolan Dow, quickly walking away holding a video camera. Due to concern about her stepfather’s behavior, the young female spoke with her mother and asked her to view the videotapes. On December 15, 2000, the young female and her mother turned over a videotape to the Haverhill Police Department. The videotape was reviewed by the Haverhill Police Department and was found to contain, within the first thirty to forty-five seconds, a young female exiting a shower, toweling off, and in a state of undress. The content of the videotape focused on the young woman’s exposed pelvic area and buttocks. In addition, the shower curtain and keyhole of the bathroom door were visible on the videotape. The remainder of the content on the videotape contained pornographic material showing people engaged in various sex acts.
The young woman was shown the tape at the Police Department and recognized herself on the videotape due to the identifying marks on the body and recognition of the bathroom shower curtain. After a search warrant for the defendant’s home was issued, the Haverhill Police observed the bathroom and recognized the same shower curtain that is visible on the videotape as well as the same key hole on the bathroom door. The Police arrested Dow.
Ruling of Law
The Court will allow a motion to dismiss an indictment if the indictment fails to contain “a concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof.” Mass.R.Crim.P. 4(a). An indictment must set forth all the elements of the crime charged and if a statute does not contain all those elements, an indictment drawn in terms of that statute is insufficient. See Commonwealth v. Palladino, 358 Mass. 28, 30 (1970); See also Commonwealth v. Burns, 8 Mass.App.Ct. 194, 196 (1979). In contrast, “(a]n indictment will not be dismissed if the offense is charged with sufficient clarity to show a violation of law and to enable the accused to know the nature and cause of the accusation against him, to prepare and adequate defense, and to plead an acquittal or conviction in bar of future prosecution of the same offense.” Commonwealth v. Donoghue, 23 Mass.App.Ct. 103, 110 (1986), cert. denied, 481 U.S. 1022 (1986).
A challenge to the validity of an indictment will only be successful when the motion demonstrates that the *314 evidence presented to the grand jury was insufficient to support the existence of probable cause and to establish the identification of the accused. See Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). In McCarthy, the Supreme Judicial Court held that “at the very least the grand jury must hear sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him . . .” (Citation omitted.) Id.[1] Probable cause is based on “reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that the defendant had committed ... an offense.” Commonwealth v. O’Dell, 392 Mass. 445, 450 (1984), quoting Commonwealth v. Stevens, 362 Mass. 24, 26 (1972). “Probable cause requires more than mere suspicion but something less than evidence sufficient to warrant a conviction.” Commonwealth v. Hason, 387 Mass. 169, 174 (1982); see also Commonwealth v. Roman, 414 Mass. 642, 647 (1993). To indict a defendant, the grand jury does not need evidence warranting a finding of the defendant’s guilt beyond a reasonable doubt, rather, the grand jury need only evidence establishing probable cause to arrest. See Commonwealth v. Roman, 414 Mass. at 647; see Commonwealth v. O’Dell, 392 Mass. at 451 (stating that “a requirement of sufficient evidence to establish the identity of the accused and probable cause to arrest him is considerably less exacting than a requirement of sufficient evidence to warrant a guilty finding”). To determine whether or not sufficient evidence was presented to establish probable cause to arrest, it is necessary to conduct a fairly detailed analysis of the specific criminal law with which the defendant has been charged. See Commonwealth v. Fourteen Thousand Two Hundred Dollars, 421 Mass. 1, 19 (1995).
The Court now turns to the application of the elements of the charged crime, in the case at bar, to the evidence presented to the grand jury. Dow was charged with one indictment for Posing a Child in the State of Nudity, in violation of G.L.c. 272, §29A.[2] The defendant argues that the evidence presented to the grand jury does not constitute a cognizable crime under the statute. The Court disagrees. The statute is unambiguous and should be read according to its plain meaning. See Commonwealth v. One 1987 Mercury Cougar Auto., 413 Mass. 534, 537 (1992) (stating that “it is a well-established canon of construction that, where the statutory language is clear, the courts must impart to the language its plain and ordinary meaning”); State Bd. of Retirement v. Boston Retirement Bd., 391 Mass. 92, 94 (1984) (stating that “a statute must be interpreted according to the intent of the Legislature ascertained from all it words construed by the ordinary and approved usage of the language . . .”). In applying the plain meaning of the statute, it is clear that Dow’s conduct meets the elements proscribed in the statute.
As stepfather of the young woman, there is a reasonable inference that Dow possessed the knowledge that the child was under eighteen years of age. In determining the element of “lascivious intent,” the court in Commonwealth v. Bean,_ Mass. _, 2002 Mass. LEXIS 63, noted that the factors set forth in G.L.c. 272, §31 “may” be applied in determining lascivious intentan element that is "rarely capable of direct proof.” The court in Bean further noted that “the statute specifically provides that evidence of lascivious intent shall not be limited to these factors,” but that these factors “closely track the factors set out by the Federal Courts.” (Citation omitted.) Id. (In Bean, the Supreme Judicial Court applied the factors set forth in G.L.c. 272, §31 and determined that the defendant did not act with "lascivious intent” when he took photographs of a minor female with her breast exposed.) Dow’s conduct was with lascivious intent[3] as seen by the content of the videotape which focused on the child’s genitalia (factor 2) and the circumstances were of a lustful or obscene nature (factor l).[4] In addition, lascivious intent is further buttressed by the fact that the remainder of the content of the videotape contained pornographic material of people engaged in various sex acts. Dow used, caused, and knowingly permitted the child to be exhibited in a state of nudity for the purpose of representation or reproduction on his videotape. The charged offense, therefore, meets all of the elements of the statute.
Dow contends that G.L.c. 272, §29A does not apply to these circumstances because the child was unaware and not posed while the defendant was videotaping. In support of this argument, Dow cites reported decisions where the application of G.L.c. 272, §29A all deal with defendants whose victims were aware that they were being photographed and who took active steps to have the victims pose. See Commonwealth v. Provost, 418 Mass. 416 (defendant took photographs of a nude ten-year-old boy who automatically struck poses without any instruction from defendant); See Commonwealth v. Oakes (Oakes I), 401 Mass. 602 (1988) (defendant was prosecuted for taking provocative photographs of his minor stepdaughter while she was nude from the waist up); See Commonwealth v. Gichel, 48 Mass.App.Ct. 206 (1999) (defendant took photographs of a female child posed in a state of nudity and while engaged in various acts of sexual abuse upon her). The Court disagrees with Dow’s contention that the child needs to be aware of the circumstances and that the defendant needs to take active steps to pose the child. In reading the plain meaning of the statute, the child may be “exhibited in a state of nudity,” therefore, the defendant need not take active steps to pose the child. Furthermore, the statute does not state that the child need be aware that they are being represented or reproduced on visual material while in a state of nudity.
Dow’s challenge to the validity of the indictment is unsuccessful. The evidence presented to the grand jury was sufficient to support the existence of probable cause and to establish the identification of the ac *315 cused.[5] The indictment contained “a concise description of the act which constitutes the crime.”[6] Furthermore, the indictment set forth all of the elements of the crime charged in accordance with the statute. The evidence presented to the grand jury is sufficient to sustain the indictment and the defendant's motion to dismiss is denied.
ORDER
For the foregoing reasons, the defendant’s motion to dismiss is denied.

 The court in McCarthy believed that the grand jury’s failure to hear any evidence of criminal activity by the defendant justified dismissal of the indictment. See Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982).

 G.L.c. 272, §29A provides that “(a) Whoever, either with knowledge that a person is a child under eighteen years of age or while in possession of such facts that he should have reason to know that such person is a child under eighteen years of age, and with lascivious intent, hires, coerces, solicits, or entices, employs, procures, uses, causes, encourages, or knowingly permits such a child to pose or be exhibited in a state of nudity for the purpose of representation or reproduction in any visual material shall, face criminal charges

 G.L.c. 272, §31 defines “lascivious intent” as a “state of mind in which the sexual gratification or arousal of any person is an objective. For purposes of prosecution under this chapter, proof of lascivious intent may include, but shall not be limited to, the following: (1) whether the circumstances include sexual behavior, sexual relations, infamous conduct of a lustful or obscene nature, deviation from accepted customs and manners, or sexually oriented displays; (2) whether the focal point of a visual depiction is the child’s genitalia, pubic area, or breast area of a female child; (3) whether the setting or pose of a visual depiction is generally associated with sexual activity; (4) whether the child is depicted in an unnatural pose or inappropriate attire, considering the child’s age; (5) whether the depiction denotes sexual conduct, including, but not limited to, sexual intercourse, unnatural sexual intercourse, bestiality, masturbation, sadomasochistic behavior, or lewd exhibition of the genitals.”

 The statute does not criminalize a defendant’s lascivious intent alone. "It is only the defendant’s lascivious intent combined with the enumerated acts that give rise to criminal liability.” Commonwealth v. Provost, 418 Mass. 416, 424 (1994). (The court in Provost held that the defendant violated G.L.c. 272, §29A because, with lascivious intent, he encouraged and knowingly permitted a child under the age of eighteen to pose in a state of nudity for photographic pictures.)

 See Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). Probable cause and identification of the accused was evidenced in the fact that the defendant was in control of the video camera. The search of defendant’s home identified the same keyhole of the bathroom door and same shower curtain that was on the videotape. The victim identified the defendant as the one who was in control of the video camera as he quickly walked away from the bathroom door.

 See Mass.R.Crim.P. 4 (a).